## No. 2139.
## Second Circuit Appeal.

### THE BRENARD MFG. CO. v. I. J. ALLEN.

(October 17, 1924, Opinion and Decree.)

(*Syllabus by the Editor*)

1.  Louisiana  Digest—Fraud—Par.  1,  2; Sales—Par. 32.

Where one, the agent of another, is authorized to sign promissory notes made in blank when he is notified that merchandise was to be shipped, fraudulently signed notes without notification and merchandise is returned at the expense of shipper.  Held, that the fraud vitiated the contract and consignee was right to return the merchandise and refuse to pay the notes. (Civil Code, Arts. 1819, 1924, 1847. Editor's note.)

2.  Louisiana  Digest—Appeal—Par.  625.

Where the issue is one of fact, the appellate court gives great weight to the decision of the trial judge unless clearly erroneous.

Appeal from the Fifth District Court, Parish of Jackson, Hon. J. E. Reynolds, Judge.

This is a suit on promissory notes fraudulently signed by an agent.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Dhu Thompson, of Ruston, attorney for plaintiff, appellant.

E. L. Walker, of Ruston, and Cas Moss, of Winnfield, attorneys for defendant, appellee.

CROW, J.  This is a suit on six promissory notes, aggregating, in principal, the sum of $422.00, which are alleged to have been signed by the defendant.  The defense is that the notes were only signed by defendant in blank and given to M. O. Walker, the agent and representative of plaintiff company, to be filled out, dated and used only when defendant should advise plaintiff

that he would order certain merchandise to be sent out to him. The merchandise was in the shape of three musical instruments, called Claxtonolas, which defendant claimed were not to be shipped out to him until he ordered them shipped. He further alleges that the said agent practiced fraud on him by afterwards dating and filling out the notes, without defendant's knowledge or consent, and delivering them to his Company, the plaintiff. He also says he signed a contract simultaneously with the signing in blank of the notes, on which he had said agent to write that the order was not to be filled or shipped until the plaintiff was so notified by defendant. He charged fraud on the agent's part in filling out, dating, and sending in the notes and blank contract. He also says in his testimony that he did not sign the alleged contract attached to the depositions of plaintiff's manager, and in that denial he is pretty strongly corroborated by the apparent disparity in the signatures on the notes and that on the alleged contract. He is also corroborated by the cashier of the Bank where defendant had been doing business a number of years, which witness found some difference in the said signatures.

There was judgment in the District Court, rejecting plaintiff's demands, and it has appealed.

## OPINION.

Since the sole issue was one mainly of fact, we are constrained to give great weight to the decision of the trial judge. From a careful reading of the entire record, we think the judgment is correct, and should be affirmed.

In the first place, the defendant's contention is strengthened by the fact that there seems to be a difference in the kind of ink used in filling out the dates, etc., of the notes, and that used by defendant in signing the notes. Immediately on arrival of the goods at the station of defendant, he repudiated the shipment, and returned the goods at the expense of plaintiff. He also promptly notified plaintiff in writing that he made no order for the goods, and had not notified plaintiff to ship the goods. They were returned to plaintiff, which has looked after them and has paid all expenses incidental to their transportation and detention by the railway or express company.

Defendant is also corroborated in his testimony as to the signing of the notes by a man named Richardson, who was working for him, and present in defendant's store when the notes and contract were signed in blank by the defendant.

It was certainly the grossest sort of fraud for the agent to date and fill out the notes contrary to his agreement with defendant, and those fraudulent practices bore on a material part of the contract.

A singular fact, and one which seems conclusive in this case, is that the only person by whom plaintiff could prove the verity and reality of the notes and contract and by whom the charges of fraud could have been denied or possibly disproved, was not produced by plaintiff at the trial, neither was his testimony sought to be taken by commission. That person, M. O. Walker, the agent who took the notes, was still in the employ of plaintiff when this case was tried. The only and flimsy excuse offered by plaintiff for not obtaining its agent's testimony, was that he was traveling about from place to place, and plaintiff might not locate him easily. This fragile excuse is offered, although defendant and his attorney had written plaintiff several letters long before the suit was filed in which it was specifically charged that the transaction was induced and car-

ried out by means of fraud on the part of said agent. Plaintiff was fully apprised in these letters that defendant would resist payment of the notes to the end, on account of the fraud on the part of said agent, and the specific acts of such fraud were carefully put up to plaintiff many, many months before this suit was instituted on the notes. The manager of plaintiff admits in his testimony that no special effort was made to secure the testimony of its said agent.

We think there was such fraud practiced as entirely violated the alleged contract and the notes (signed in blank) given in pursuance thereof.

The judgment is affirmed, at the cost of plaintiff.